9294

STATE v. CURRY *ET AL.*

(88 S. E. 27.)

CRIMINAL LAW—GRAND LARCENY—PROOF OF VALUE.—Where the testimony tended to prove that 50 bushels of peas worth $1.65 per bushel, were stored in a warehouse a week before the discovery of the alleged larceny, that the house was locked, the staple into which the lock was fastened was thereafter drawn out, and the defendants were seen to take therefrom at one time three sacks, and 'admitted having taken other peas therefrom the night before, and when the larceny was discovered only a barrel of peas remained in the house, the issue whether or not the peas stolen by defendants amounted in value to $20, was properly submitted to the jury.

Before COPES, J., Bamberg, March, 1912.   Affirmed.

Mallie Curry and Henry Brown, having been convicted with another of grand larceny, appeal. The testimony tended to show that the peas stolen were worth $1.65 per bushel. The other facts are stated in the opinion.

*Messrs. Carter & Carter,* for appellants, submit: *Plea by one of defendants of guilty of petit larceny being accepted, these defendants-appellants should not be convicted of grand larceny:* 3 McC. 187. *The proof insufficient to show that the goods taken by these defendants were of $20 value.*

*Mr. Solicitor Gunter,* for the State.

March 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appellant has made eight exceptions, but has argued only one. We shall do no more.

The sole issue is, did the testimony warrant a verdict of guilty.

The charge was grand larceny, or the stealing of forty bushels of peas of the value of $65.

It is not denied that the defendants did steal peas; but it is denied that they got as much as twenty dollars' worth.

The Court expressly charged the jury, "You cannot convict * * * unless the testimony shows that the value of the property stolen was over twenty dollars."

The testimony tends to prove: That forty or fifty bushels of peas were stored in a warehouse by the railroad track at Midway a week before the alleged larceny, and the house was locked; that the staple into which the lock was fastened was drawn out; that thereupon only a barrel of peas were found in the house, all the balance was gone; that about the time of the drawing of the staples, the defendants had several bags of peas near the warehouse; that one Frederick, an accomplice, saw the defendants take away three sacks at one time; that the defendants told Frederick they had taken peas out of the house before that night.

The following conclusions may be drawn from the testimony: That the defendants did steal some peas; that a week before their act the house had in it fifty bushels of peas; that the house was securely fastened; that the broken lock was discovered, and then there was only a barrel of peas in the house; that the defendants were in the house the night before the breaking. We think the jury might conclude from this that the defendants took peas of the value of twenty dollars.

There is no ground to disturb the verdict, and the judgment is affirmed.